THE SUSSEX NATIONAL BANK OF SEAFORD *vs.* JOHN W. CAREW, ET AL.

BILLS AND NOTES—ACCOMMODATION INDORSERS—RELEASE FROM LIABILITY—TRANSFER OF COLLATERAL SECURITY.

The act of the maker of a note, who had delivered a mortgage of indemnity to accommodation indorsers, in procuring an assignment of the mortgage to the indorsee, discounting the note in due course on account of the maker, and in lodging the assignment for record, is not of itself a delivery of the assignment, so as to bind the indorsee to accept it and discharge the indorsers.

(*October* 22, 1913.)

Judges BOYCE and RICE sitting.

*Charles W. Cullen* for plaintiff.

*John M. Richardson* for defendants.

Superior Court, Sussex County, October Term, 1913.

ACTION OF ASSUMPSIT (No. 10, April Term, 1913), by The Sussex National Bank of Seaford, against John W. Carew and others, to recover the full amount due and owing on a certain promissory note made by Jesse A. Wright to the order of the defendants, and which being endorsed by them was in due course discounted by the plaintiff for and on account of the maker. After some two or more renewals, two of the endorsers declined to make further endorsements, and the note was duly protested.

At the trial the plaintiff made formal proofs of the execution of the note and rested.

27 Del.]  Sussex Nat'l Bank of Seaford vs. Carew, et al.    445

Statement—Opinion.

The defendants undertook to show that at the time of the making and endorsement of the note, Wright, the maker, executed and delivered to them his certain mortgage of indemnity as collateral security for any loss which they might sustain by reason of their accommodation endorsements; that at the time two of the payees declined to make further endorsements of the note, the cashier of the plaintiffs, upon their suggestion, agreed to accept an assignment of said mortgage in full discharge and satisfaction of the liability of the endorsers of the note; and that in pursuance of the agreement with the cashier, Wright, the maker of the note, procured the proper assignment of said mortgage acknowledged by the mortgagees and had the assignment recorded.

The introduction of such testimony was objected to by counsel for the plaintiff under the pleas of "payment" and "accord and satisfaction". And it was stated by him that he was prepared to show that the alleged assignment of the mortgage though recorded was never delivered to or accepted by the cashier or other officer of the plaintiff bank, and it was contended that the mere fact of the execution and recording of the assignment did not constitute a delivery thereof.

The court inquired of counsel for the defendant concerning the fact of delivery of the assignment without passing upon the admissibility of the proffered testimony, and was informed that he could only show that Wright procured the assignment which was subsequently recorded; but could not show that the assignment had been delivered to the cashier or other officials of the bank for acceptance; and the question of the sufficiency of the delivery of the assignment was left for the determination of the court upon the statement made. Thereupon counsel for the plaintiff moved that the court give binding instructions to the jury to return a verdict for the plaintiff.

Boyce, J.:—It is unnecessary that we should make any ruling respecting the admissibility of the mortgage and the assignment thereof as evidence of payment of the note so far as the liability of the defendants is concerned.

It appears from the admissions of counsel for the defendants

that they cannot show a delivery of the alleged assignment to the plaintiff further than that the maker of the note procured an assignment of the said mortgage by him thereafter lodged for record. This is not in itself sufficient to constitute a delivery, and, no delivery having been made, we give binding instructions to the jury as requested.

Gentlemen of the jury:—For the reasons stated, we instruct you to return a verdict for the plaintiff for the full amount of the plaintiff's claim, the correctness of which is not disputed.

Verdict for the plaintiff.